### AVON v. DADE COUNTY.
No. 60-L-1014.

Circuit Court, Dade County.
September 7, 1961.

Fred Patrox and Kelner & Lewis, all of Miami, for plaintiff.

Richard J. Thornton of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant.

ROBERT L. FLOYD, Circuit Judge.

This cause came on to be heard after a pre-trial conference on defendant's motion for summary judgment. The court has heard and considered arguments of counsel for the parties and has read and considered the depositions and affidavits on file and the exhibits proffered at the pre-trial conference (counsel for both parties having agreed to permit consideration of the exhibits produced at the pre-trial conference), and being fully advised in the premises, the court finds that there is no genuine issue of any material fact or of law, and that the sole proximate cause of the accident in which the plaintiff sustained injuries was the negligence of the driver of the vehicle on which plaintiff was riding as a fellow workman.

This accident occurred in broad daylight and, regardless of remote assignments of negligence on the part of the defendant by the plaintiff, it is apparent that the defendant was not guilty of negligence which proximately contributed to the accident, without intervening, independent and efficient acts or omissions on the part of the driver of the plaintiff's vehicle.

Plaintiff's driver was admittedly confused as to his whereabouts and believed he had passed under the viaduct or overpass earlier. In this assumption he was obviously mistaken. He approached the viaduct knowing he needed a clearance of more than 11 ft. 2 in. in order to safely pass under the viaduct. The overpass was plainly marked with a large yellow and black sign in the most appropriate place it could be located, that is, immediately over the roadway.

The driver traveled a distance of at least 50 yards on a straightaway before colliding with the overpass. His vision was obstructed only by the design of the machine he was driving, if at all. If this cause were allowed to go to a jury, it is obvious that remote circumstances would have to be considered in order to reach a verdict for the plaintiff rather than the direct and proximate circumstances prevailing between the time the plaintiff

driver should have seen the sign and overpass clearance and the time of impact.

This court is well aware that ordinarily what constitutes reasonable and sufficient warning to a traveler is a jury question, but in the light of the circumstances reflected by the deposition and documents referred to no conflicting inference as to the significance of the obvious warning could be engaged in by reasonable men.

It is therefore ordered and adjudged that a summary judgment be, and the same is hereby entered for the defendant and against the plaintiff, and that the defendant shall go hence without day and the plaintiff shall take nothing by his suit. Costs to be assessed on appropriate motion against the plaintiff.